```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>[15] JAMES CUPELES-SALAS,<br><br>**Defendant**. | CRIM. NO. 23-00132 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant James Cupeles-Salas's *Motion for Review and De Novo Bail Hearing* ("*Motion*"). (Docket No. 438). For the reasons set forth below, the Court **GRANTS** Defendant's *Motion* subject to the conditions specified herein and in the separate order of release.

### I.  BACKGROUND

On April 3, 2023, a Grand Jury indicted Mr. Cupeles on five counts:

- Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860 (Count 1);

- Aiding and Abetting in the Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), 860, and 18 U.S.C. § 2 (Count 2);

- Aiding and Abetting in the Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. § 2 (Count 3);

- Aiding and Abetting in the Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. § 2 (Count 4);

- Aiding and Abetting in the Possession with Intent to Distribute Marihuana in violation of 21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. § 2 (Count 5).

(Docket No. 3).

The Pretrial Services Report published April 18, 2023 recommended that Defendant be released subject to a set of conditions. (Docket No. 131 at 6-7). However, on April 27, 2023, Magistrate Judge Bruce McGiverin ordered Defendant detained pending trial. (Docket No. 308). He concluded that Mr. Cupeles had not introduced sufficient evidence to rebut the 18 U.S.C. § 3142(e)(3) presumption present in his case. Id. at 2. Magistrate Judge McGiverin found that the Government had proven by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community. Id.

On May 20, 2023, Defendant filed the present *Motion* seeking *de novo* review of his detention order. (Docket No. 438). The *de novo* hearing was held on June 20, 2023. (Docket No. 508). The Government proceeded by proffer and argued both flight risk and danger to the community. Defendant argued to the contrary.

After considering the evidence, the Court finds that Defendant has introduced sufficient evidence to rebut the § 3142(e)(3) presumption and that the Government has not proven by the relevant standards that no conditions of release could

reasonably assure the safety of the community and Defendant's appearance as required.

## II. LEGAL STANDARD

### A. Standard of review for a detention or release order

A district court reviews a magistrate judge's order of detention or release under a *de novo* standard and "need not defer to the magistrate judge's findings or give specific reasons for rejecting them." United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014) (citations omitted). A district court may also "take additional evidence or conduct a new evidentiary hearing" when "the defendant has placed relevant facts at issue." Id.

### B. The Bail Reform Act

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released pending trial. *See* 18 U.S.C. § 3142(a). Section 3142(e) of the Act provides that if, after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." Id. § 3142(e).

**1. Standard of proof**

The standard of proof for detention on the grounds of dangerousness is **clear and convincing evidence**. Id. § 3142(f). Clear and convincing evidence is "more than preponderance of the evidence but less than beyond a reasonable doubt." United States v. Acevedo-Ramos, 600 F. Supp. 501, 509 (D.P.R. 1984) (citations omitted). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." Id. On the other hand, the standard of proof for detention on the grounds of risk of flight is preponderance of the evidence. United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

**2. Factors the Court must consider**

18 U.S.C. § 3142(g) sets forth the factors judicial officers must consider when determining whether there are conditions of release that assure a defendant's appearance and the safety of the community. These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Case 3:23-cr-00132-RAM   Document 518   Filed 06/27/23   Page 5 of 13

Criminal No. 23-00132-15 (RAM)                                              5

### 3. The 18 U.S.C. § 3142(e) presumption

18 U.S.C. § 3142(e) creates a rebuttable presumption that no conditions can reasonably assure the appearance of the defendant and the safety of the community where there is probable cause that a defendant has committed one of the crimes listed in the statute or in the other circumstances set forth therein. United States v. Vargas-Reyes, 220 F. Supp. 3d 221, 225 (D.P.R. 2016) (citing 18 U.S.C. § 3142(e)(3)). A grand jury indictment alone suffices to trigger the presumption. Id. (citing, *inter alia*, United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986)).

In the case of drug trafficking crimes, the presumption comes from "Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries" and that "[f]orfeiture of even a large bond may be just a cost of doing business, . . . hence drug traffickers pose special flight risks." United States v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir. 1987). *See also* United States v. Jessup, 757 F.2d 378, 385 (1st Cir. 1985), *partially abrogated on other grounds by* United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990); United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); United States v. Dillon, 938 F.2d 1412, 1416-17 (1st Cir. 1991).

Once triggered, the 18 U.S.C. § 3142(e)(3) presumption imposes on the defendant a burden of production. *See* Vargas-Reyes, 220 F. Supp. at 225. The defendant may satisfy this burden of

production by introducing at least some evidence contrary to the facts presumed. Id. For that reason, "[t]he burden is not heavy." Id. Notably, the burden of persuasion always rests with the Government in both presumption and non-presumption cases. Id.

However, the 18 U.S.C. § 3142(e)(3) presumption does not simply vanish once a defendant has produced some evidence. *See* Palmer-Contreras, 835 F.2d at 18; Jessup, 757 F.2d at 383-84, 387. Instead, judges must keep the presumption in mind as an additional factor to the four listed in Section 3142(g). *See* Palmer-Contreras, 835 F.2d at 18; Jessup, 757 F.2d at 383-84, 387. In drug trafficking cases, the weight afforded to the presumption depends on how closely the defendant resembles the paradigmatic drug trafficker for whom the risk of flight is particularly high; "the less those features resemble the congressional paradigm, the less weight the [court] will likely give to Congress's concern for flight." Jessup, 757 F.2d at 387. *See also* Palmer-Contreras, 835 F.2d at 18; Perez-Franco, 839 F.2d at 870.

### III. DISCUSSION

#### A. The nature and circumstances of the offense charged

Mr. Cupeles was indicted on five counts of drug trafficking offenses. (Docket No. 3). Here, the presumption comes from 18 U.S.C. § 3142(e)(3)(A), *i.e.*, probable cause to believe that Defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled

Substances Act[.]" Given the severity of the punishment provided by the relevant statutes, this factor favors detention. However, as the Court will discuss, the remaining factors favor release.

### B. **The weight of the evidence against Defendant**

The Government purports to have three trial witnesses who can testify that Defendant is a seller. Two of these witnesses have allegedly seen Defendant at the drug point and armed, and one of these two claims to have seen Defendant withdraw his firearm while conducting drug trafficking activities. In response, Defendant notes that he has a permit to carry a firearm.

The Government also claims to have three videos of Defendant at known drug points and that one of these videos shows Defendant present during a drug transaction. These videos were brought to the *de novo* hearing, where upon the Government clarified that only two of the videos include Defendant. In response to this evidence, Defendant noted that neither he nor anyone else in the videos is armed. He also flagged that the videos do not show him accepting money, handing something to someone, or withdrawing something from his clothes. Defendant admits that one video shows a man in a wheelchair purchasing drugs from someone, but notes that he himself is not in that video. The man in the wheelchair is seen purchasing drugs in another one of the videos, but Defendant argued that he himself is only in the video briefly and at no point interacts with the man in the wheelchair.

The final piece of evidence the Government claims to have is a Facebook photo of Defendant and other key members of the drug trafficking organization in front of a known drug point. Defendant did not address this evidence during the hearing. The Government added that it also has evidence against Defendant for the offense at count 6 of the indictment – possession of a firearm in furtherance of a drug trafficking crime – even though he is not included in that count.

Regardless of the import or weight of the evidence proffered by the Government, the Court is not concerned with Defendant's guilt or innocence at this stage. *See* 18 U.S.C. 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence"). The Court's task is to assess whether there is a set of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). The Court believes that such conditions exist.

C. **Defendant's personal history and characteristics**

The third factor – Defendant's personal history and characteristics – also favors release pending trial.

The Government referred the Court to a domestic violence incident Defendant was arrested for in 2019. However, Defendant brought Agent Maldonado, the agent responsible for investigating the incident, to the *de novo* hearing to explain why the charge

against Defendant was dismissed for lack of probable cause.[1] Defendant explained that the alleged victim, a former partner with whom he shares a child, accused Defendant of breaking her door and window. Damningly, she had submitted a work order **days before the alleged incident** to have the same door and window fixed. The Court also notes that Defendant's current consensual partner and proposed Third-Party Custodian is not the alleged victim from the 2019 incident.

Defendant's Pretrial Services Report also mentions a 2013 arrest for attempted robbery, for which Defendant participated in a diversion program as part of drug court. (Docket No. 131 at 5). The parties did not discuss this arrest in detail during the *de novo* hearing. Defendant admits to having previously struggled with a heroin addiction. He claims to have turned his life around and reports not having used the drug in five years. Id. at 4. His mother, who attended the hearing, believes that her son has turned his life around, even offering her home as security for his release pending trial. His current consensual partner of five years with whom he lives has offered to be his Third-Party Custodian. Thus, Defendant seems to have meaningful ties to this jurisdiction.

The Pretrial Services Report alludes to unexplained assets – four vehicles, id. at 3-4, but these assets purportedly come from

---

[1] The Court notes that Agent Maldonado was never called to testify, however.

Defendant's inheritance, which the Government did not contest. Furthermore, Defendant reports having no passport and no foreign travel. Id. at 2. The Government's proffer focused primarily on the weight of the evidence against Defendant and his potential danger to the community if released pending trial; it did not present any evidence that Defendant is the paradigmatic drug trafficker that poses a serious flight risk and that Congress was concerned with in creating the presumption for these types of offenses. The Court thus finds that the Government did not meet its burden or proof on risk of flight.

D. **The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release**

The only evidence the Government presented that Defendant would be a danger to the community if released was the 2013 theft arrest, for which Defendant participated in a diversion program, and the 2019 domestic violence allegation. The Court has already explained its skepticism about this domestic violence charge involving Defendant's former partner, which was dropped for lack of probable cause. See supra Section III.C. Thus, the Court finds that the Government did not meet its burden of proof on dangerousness grounds either. While drug trafficking itself is a serious offense, the Court finds that conditions of release can reasonably assure the safety of the community and Defendant's appearance as required in this case.

## IV.  CONCLUSION

Based on the grounds stated in this Opinion, Defendant Cupeles shall be released subject to the following conditions:

1. Defendant must not violate federal, state, or local law while on release.

2. Defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. Section 14135a.

3. Defendant must advise the Court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

4. Defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the Court may impose.

5. Defendant executes an unsecured bond binding the Defendant to pay the United States the sum of $15,000 dollars in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

6. Defendant's mother shall execute a property bond on her residence, binding herself to pay the United States the sum of $75,000 dollars in the event of Defendant's failure to appear as required or to surrender as directed for service of any sentence imposed.

7. Qualification of his consensual partner, Bethzaida Gutierrez, as a Third-Party Custodian. Ms. Gutierrez agrees to (a) supervise Defendant, (b) use every effort to assure his appearance at all court proceedings, (c) notify the Court immediately if Defendant violates a condition of release or is no longer in the custodian's custody, and (d) surrender any firearms she possesses.

8. Electronic monitoring.

9. Defendant's release is conditioned upon qualification of the Third-Party Custodian and of her shared residence with Defendant, as well as verification by the United States Probation Office of electronic monitoring device capability.

10. Home detention: Defendant shall be restricted to his and the Third-Party Custodian's residence at all times except for medical necessities for either him or his Third-Party Custodian; for court appearances or other activities specifically approved by the Court; or to continue or seek employment.

11. Defendant shall continue or actively seek employment.

12. Defendant shall submit to supervision by and report for supervision to the U.S. Probation Office.

13. Defendant shall surrender any passport to the U.S. Probation Office.

14. Defendant shall not obtain a passport or other international travel document.

15. Defendant shall reside at the address of record.

16. Defendant shall not leave the jurisdiction of this District without first obtaining written permission from the Court.

17. Defendant shall avoid all contact directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including all Co-defendants of the instant case.

18. Defendant shall undergo medical or psychiatric treatment if deemed necessary by the USPO.

19. Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

20. Defendant shall refrain from excessive use of alcohol.

21. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.

22. Defendant shall submit to testing for a prohibited substance if required by the U.S. Probation Office or the Supervising Officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant must not obstruct or attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

23. Defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling as deemed necessary by the U.S. Probation Office or the Supervising Officer.

24. Defendant shall report as soon as possible, to the U.S. Probation Office or the Supervising Officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

25. The Chief U.S. Probation Officer or his designee, may authorize temporary changes of address and overseas travels to the mainland U.S. only, not exceeding 15 calendar days, provided the U.S. Attorney has no objection to it. If objected, request will have to be made in writing to the Court.

26. Defendant shall not enter any airport or pier with the exception stated above.

27. Defendant shall not enter or remain at any of the named places in the instant Indictment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of June 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge